UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CAROLYN MARZOCCHI,

                               Plaintiff,                   13-CV-7097 (JK)(MG)

   -against-                                     <u>DEFENDANT'S RULE
56.1 STATEMENT</u>

LONG ISLAND RAIL ROAD COMPANY,

                             Defendant.
-----------------------------------------------------------X

     1.     Plaintiff began her employment at The Long Island Rail Road Company

("LIRR") on June 21, 1989 as a Secretary in the Claims Department.  Declaration of Karla R.

Alston ("KRA Dec."), Exhibit "A", Deposition of plaintiff dated September 9, 2014, ("P. Dep.",

pp 11:24-12:3).

     2.     Plaintiff qualified to work as a Locomotive Engineer in December, 1994.  (P.

Dep., p. 13).

     3.     On Friday, July 29, 2011, plaintiff worked as a Locomotive Engineer on Job 201,

that entailed the work hours of 2:01 p.m. to about 8:00 p.m. (P. Dep., p. 19:13-20).

     4.     Plaintiff was operating a westbound train, Train 351,  at Flushing Main Street

Station  on July 29, 2011 that was involved in an accident at about 6:00 p.m. (P. Dep., p. 19:3-

12).   (See also, Exhibit "C", plaintiff's verbally transcribed Statement to LIRR Office of

General Counsel dated 8/1/11.)  She worked with the following train crew on Job 201, Conductor

Jeannie Ferguson and Assistant Conductor (Brakeman) Sandra Weekes. (P. Dep., pp. 19:21-

20:13).

     5.     At the time of accident, plaintiff was operating a train consist comprised of 12

cars of M-7 model train equipment, traveling from Great Neck Station to Penn Station.  (P. Dep., pp. 25-17, 26:19. 23:14-18).

6.      Plaintiff had performed the required brake and safety tests, including checking all of the air pressures and testing the emergency brake, before the train left Penn Station.  (P. Dep., pp. 22:14-23:13).  She had no operational problems with the train after it left Penn Station en route to Great Neck.  (P. Dep., p. 25:13-16).

7.      When the train reached Great Neck, plaintiff continued to use the same train equipment in service.  She changed ends at Great Neck and performed pre-trip braking and safety tests, including testing of the horn.  (P. Dep.,  p, 25:17-26:5: 40:11-16).

8.      Train 351 left Great Neck Station at or about 5:35 p.m. or shortly thereafter (P. Dep., p. 26:13-16).  (See also Exhibit "B", Voluntary Statement of plaintiff to Metropolitan Transportation Police Department dated 7/29/11.)

9.      The weather at the time of accident was warm and sunny.  (P. Dep. p, 26:20-22).

10.      Plaintiff had no operational problems with the train leaving Great Neck headed west towards Penn Station between Great Neck and Auburndale, the last station stop she recalled making  before Flushing Station.  (P. Dep. pp. 27:21-28: 6, 21-24; 29:10-12).

11.      Plaintiff operated the train from the cabin in the front car on the north side of the train.  The elevated westbound platform at Flushing Main Street was on her right side.  (P. Dep. pp. 29:16-23:34:25-36:9:37:5-20).  The maximum allowable speed for a train making a station stop at Flushing Main Street was approximately 40 m.p.h. (P. Dep, p. 33:16-23).  The LIRR Flushing Main Street Station has two tracks, Track 1, the westbound track and Track 2, eastbound.  (See Exhibit "D" four photographs of the Flushing Main Street Station.)

12.      Plaintiff entered the Flushing Main Street Station on the westbound track from

the eastern end of the platform at about 40 m.p.h. or less  She had both hands on the master controller.  (P. Dep. , pp. 35:10-16; 43:12-15) (See also Exhibits "B" and "C").

13.     Plaintiff began applying braking power with two hands past the eastern edge of the westbound platform on straight track for a gradual station stop.  (P. Dep. pp. 43:12-44:10-21; 47:16-19).  As plaintiff was pulling  the train into the Flushing Station, she observed something red underneath the platform.  She could not describe what it was.  All of a sudden, someone popped up from underneath the platform.  (P. Dep., p. 49).  (See also Exhibit "B").

14.Plaintiff used two hands put the master controller into emergency braking (P. Dep., pp. 36:14-37.4; 49:2-8).

15.     The plaintiff did not have time to sound the horn, controlled by a knoblike structure to the left of the master controller.  (P. Dep. p. 52:25-54:13).  (See also Exhibit "E", three photographs of the Engineer's Cab).

16.     No other person was present in the engineer's cab as she operated the train as it approached Flushing Station.  (P. Dep.  p, 51:8-10).

17.     There were no obstructions to plaintiff's view as the train entered Flushing Station (P. Dep., p. 51:20-22).

18.     The application of the M-7 emergency brake creating an air releasing sound.  The master controller is moved into different braking positions by a simple push.  Plaintiff had no problems moving the master controller on the day of accident.  (P. Dep.,  pp. 8:20-59:23; 62:8-15).

19.     After plaintiff applied the emergency brakes, the train did not come to a complete stop before it struck the unauthorized person on the track.  (See Exhibits "B" and "C").

20.    Plaintiff returned to work as a Locomotive Engineer approximately one month after the accident.  (P. Dep.,  p. 106:15-20).

21.    On January 24, 2013, plaintiff testified at an Examination Before Trial in the action <u>Mason Xu v. The Long Island Rail Road Company, a/k/a MTA Long Island Railroad and The City of New York</u> in the Supreme Court of the State of New York, County of Queens, Index #11519/12.

22.    Mason Xu was struck by Train 351 on July 29, 2011.

Dated:      Jamaica, NY
            November 6, 2015

                                        **RICHARD L. GANS, ESQ.**
                                        *Vice President/General Counsel & Secretary*
                                        Attorney for Defendant

                                        By: _Karla R. Alst_

                                        **Karla R. Alston** (KA6778)
                                        Law Department - 1143
                                        Jamaica Station
                                        Jamaica, New York   11435
                                        (718) 558-7760
                                        File No.: JN-6622/11006810

TO:    MICHAEL D. FLYNN, ESQ.
       Att: Valerie J. Lauriello, Esq,.
       5 Penn Plaza, 23rd Floor
       New York, NY 10001
       212-896-3812

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

13-CV-7097 (JK)(GM)
13-CV-79098

CAROLYN MARZOCCHI,

                              Plaintiff,

        -against-

THE LONG ISLAND RAIL ROAD COMPANY,

                              Defendant.

## DEFENDANT'S RULE 56.1 STATEMENT OF MATERIAL FACTS

**RICHARD L. GANS, ESQ.**
Vice President/General Counsel & Secretary
By: Karla R. Alston, Esq.
Attorney for Defendant, LIRR
Law Department - 1143
Jamaica Station Building
Jamaica, New York 11435-4380
(718) 558-7760

STATE OF NEW YORK  :  COUNTY OF QUEENS

The undersigned, being duly sworn, deposes and says: (s)he is over the age of 18 years; is not a party to the action and resides at Hollis, New York.  That on the 6th of November, 2015(s)he served the within Defendant's Rule 56.1 Statement of Material Facts upon the person(s) hereinafter named by hand delivery.

TO:    Michael D. Flynn, Attorney for Plaintiff, 5 Penn Plaza, 23rd Floor, New York, NY 10001.

_Karla R. Alst_
KARLA R. ALSTON

Sworn to before me this
6th  day of November, 2015.

_Marian T. Reamer_
Notary Public

MARIAN T. REAMER
NOTARY PUBLIC, State of New York
No.
Qualified in
Commission Expires July 18, 20__